# THE ALICE.

(District Court, W. D. Washington, N. D.   September 1, 1909.)

No. 3,879.

1. SHIPPING (§ 79*)—CARRIAGE OF GOODS—LIEN ON VESSEL.

Where the master of a vessel sold merchandise shipped on his vessel at the termination of the voyage at an Alaskan port, under authority given him by the shipper to do so unless he received further instructions, in so doing he acted as consignee and agent for the shipper, and not for the vessel, and the vessel is not liable for his subsequent embezzlement of the proceeds, having fully performed the contract of carriage.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 338; Dec. Dig. § 79.*]

Suit in rem to recover the value of merchandise alleged to have been converted to his own use by the master of a vessel on which the same was delivered for carriage from Seattle to Seward, Alaska. Heard on the merits.   Decree for claimants.

James Kiefer, for libelants.

A. W. Buddress, for claimants.

HANFORD, District Judge.   The issue raised in this case is whether the carrying vessel is liable for the value of 85 cases of gasoline received as freight to be transported to Seward, Alaska, and there delivered to the order of the libelants, the same having been sold at Seward by the captain and the proceeds converted to his own use.   On the hearing of exceptions to the libel, the court ruled that the contract as pleaded is maritime and that the suit is maintainable in a court of admiralty, and now adheres to the same opinion with respect to the case as stated in the libel.   On the final hearing, however, the case must be decided according to the facts proved by the evidence.

The court finds that the gasoline was shipped as alleged and a bill of lading was issued, by the terms of which the gasoline was to be delivered at Seward or elsewhere as the libelants should order. Morrill, one of the libelants, has testified that he sent instructions as to the disposition to be made of the consignment to the captain by mail, but his testimony is too vague and indefinite to sustain a finding that instructions were disregarded.   I mean by this that his evidence is lacking in particularity as to the time of mailing instructions, and as to the contents of the letter or document alleged to have been mailed, and there is no evidence tending to prove that the alleged instructions were received by the captain.   In selling the gasoline he acted under authority given to him at Seattle by Morrill verbally to sell the gasoline in case he should not receive contrary instructions.   So far, he did only what he had a right to do, and the only wrong which the libelants may justly complain of is the embezzlement of money.

The obligation of a carrier is to perform the stipulated transpor-

tation service—that is, to carry the goods to the designated place of delivery and there deliver the same to the shipper or his consignee—and as security for the due performance of the contract with respect to goods received for transportation a lien upon the vessel attaches in favor of the shipper, and it is a logical and legal sequence of that proposition that the lien is discharged when the carrier's contract has been completely performed by delivery of the goods at the designated place to the shipper or his consignee. It is the opinion of the court that, in view of the facts proved, the captain was constituted by the libelants their consignee and agent at Seward to dispose of the gasoline, and that no lien attached to the vessel for his default as their agent. 20 Am. & Eng. Enc. of Law (2d Ed.) 214; Willard v. Dorr, Fed. Cas. No. 17,680; Waterbury v. Myrick, Fed. Cas. No. 17,253; The Virginia, Fed. Cas. No. 141; The Waldo, Fed. Cas. No. 17,056; Peck v. Laughlin, Fed. Cas. No. 10,890; The New Hampshire (D. C.) 21 Fed. 924; The Maiden City (D. C.) 33 Fed. 715; Gove v. Moses, 1 Wash. T. 7. The statutes of this state create liens for the nonperformance or malperformance of contracts for transportation. Pierce's Code, § 6077. But the gist of this case is the wrongful conversion of the libelants' money, which occurred after the contract for transportation had been fully performed. Therefore there is no ground for complaint because of either nonperformance or malperformance of that contract, and the statutes afford no support for the libelants' case.

Suit dismissed, with costs.